UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

VIRTUAL SOLUTIONS, LLC,

           Plaintiff,

-against-

MICROSOFT CORPORATION,

           Defendant.

------------------------------------------------------x

COMPLAINT IN
PATENT CASE

____CV____ ( )

JURY TRIAL DEMANDED

12 CV 1118

JUDGE SCHEINDLIN

FILED FEB 14 2012 USDC WP SDNY

    Virtual Solutions, LLC, (hereinafter "Virtual Solutions") by its attorneys, THE SIMON LAW FIRM, P.C. and MacCARTNEY, MacCARTNEY, KERRIGAN & MacCARTNEY (Local Counsel), complaining of the defendant, Microsoft Corporation ("hereinafter the Defendant" or "Microsoft") for infringement of United States Patent No. 6,507,353 (hereinafter the "'353 patent"), a copy of which is attached as Exhibit A, respectfully shows to the Court and alleges:

## THE PARTIES

    1.    Virtual Solutions, is a New York limited liability company with its principal place of business in the Village of Suffern, County of Rockland, New York.

    2.    Microsoft is a Washington corporation with its principal place of business in Redmond, Washington. Microsoft's registered agent for service in New York is Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

## JURISDICTION AND VENUE

    3.    This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes.

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Microsoft has committed and continues to commit acts of infringement in this district; does business in this district; has systematic and continuous contacts with this district and/or has consented to jurisdiction in this district and/or is deemed to reside in this district.

6. Upon information and belief, Microsoft's products that are alleged herein to infringe were and continue to be made, used, imported, offered for sale and/or sold in New York, including in this judicial district and/or Microsoft's practices that are alleged herein to infringe were and continue to be conducted in the State of New York, including in this judicial district.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,507,353)

7. Virtual Solutions incorporates paragraphs "1" through "6" of this complaint as if more fully set forth at length herein.

8. This claim for relief arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

9. Virtual Solutions is the exclusive licensee of the '353 patent with rights to enforce the '353 patent and sue infringers.

10. The '353 patent, titled "Influencing Virtual Actors In An Interactive Environment," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT

11. Microsoft has and continues to directly infringe the '353 patent by practicing the method covered by one or more claims of the '353 patent, including at least claim 1, via at least its practices with respect to Microsoft Xbox with Kinect and/or Microsoft Xbox with Kinect in conjunction with Xbox Kinect games that Microsoft manufacturers, designs, develops and/or publishes, such as Kinectimals. Microsoft has, at a minimum, directly infringed the '353 patent and Microsoft is thereby liable for infringement of the '353 patent pursuant to 35 U.S.C. § 271.

## DIRECT INFRINGEMENT (JOINT INFRINGEMENT)

12. Microsoft has and continues to directly infringe the '353 patent by practicing the method covered by one or more claims of the '353 patent, including at least claim 1, via at least its practices with respect to Microsoft Xbox with Kinect and/or Microsoft Xbox with Kinect in conjunction with Xbox Kinect games that are manufactured, designed, developed and/or published by third-parties, such as Rise of Nightmares. Microsoft and users of Microsoft's Kinect system have, at a minimum, directly infringed the '353 patent and Microsoft is thereby liable for infringement of the '353 patent pursuant to 35 U.S.C. § 271.

13. To the extent any of the asserted claims, such as claim 1, are construed to require action that is performed by an Xbox Kinect game that is manufactured, designed, developed and/or published by a third-party, such as Sega, the actions performed by the third-party Xbox Kinect game are attributable to Microsoft in accord with the principles of joint infringement in that Microsoft retains direction and/or control over these third-party Xbox Kinect games.

14. For example, third-party Xbox Kinect games may only be published by third-party publishers who are approved by Microsoft.

15. Microsoft must approve the content of all third-party Xbox Kinect games before they are released to the public.

16. Microsoft's approval process for a software title involves four phases including Concept approval, Pre-Certification approval, Certification approval, and Marketing Materials approval. Under this process a third-party publisher, such as Sega, is required to submit its software title to Microsoft for evaluation at all four phases.

17. In the Concept approval stage of the approval process, a third-party Xbox Kinect game publisher must submit a concept submission to Microsoft and following Microsoft's evaluation of the submission Microsoft will approve or reject the third-party publisher's submission.

18. In the Pre-Certification approval stage of the approval process, a third-party Xbox Kinect game publisher must deliver to Microsoft a code-complete version of the game software and Microsoft, after performing technical testing of the game software, will provide the third-party game publisher with advisory feedback.

19. In the Certification approval stage of the approval process, the third-party game publisher is required to deliver to Microsoft the proposed final release version of the game software that is complete and ready for commercial distribution ("Final Version").

20. The Final Version must have all changes previously required by Microsoft.

21. Microsoft conducts certification testing of the Final Version in accord with the testing guidelines set forth in the Xbox 360 Publisher Guide.

22. Passing the Certification approval stage requires: 1) passing the Certification Testing; (2) conforming with the approved Concept and any requires submission materials under the Xbox 360 Publisher Guide; (3) Microsoft approval of packaging materials for the game; (4)

4

consistency with the goals and objectives of the Xbox 360 console platform and Xbox Live; and (5) continuing and ongoing compliance with the Microsoft certification requirements and other requirements set forth in the Xbox 360 Publisher Guide.

23. In the Marketing Materials approval stage of the approval process the third-party game publisher shall submit to Microsoft all marketing materials for the game and cannot distribute any of the marketing materials until Microsoft has approved them in writing.

24. The above are examples indicating that Microsoft retains direction and control over the content of Xbox Kinect games that are manufactured, developed, distributed, and/or published by third-parties.

25. As a result, to the extent any of the steps of any of the claims asserted in this case are performed by gaming software that is manufactured, developed, distributed, and/or published by third-parties, the action of such gaming software is attributable to Microsoft by virtue of Microsoft's agency or contractual relationship with third-party game publishers and/or Microsoft's retention of direction and control over the third-party gaming software.

26. In accordance with Fed. R. Civ. P. 11(b)(3), Virtual Solutions will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT (INDUCEMENT)

27. Based on the information presently available to Virtual Solutions, absent discovery, in the alternative to direct infringement, Virtual Solutions contends that Microsoft has and continues to indirectly infringe the '353 patent by practicing the method covered by one or more claims of the '353 patent, including at least claim 1, by inducing consumers to use Microsoft Xbox with Kinect and/or Microsoft Xbox with Kinect in conjunction with Xbox

Kinect games that are manufactured, designed, developed and/or published by Microsoft, such as Kinectimals, and/or third-parties, such as Rise of Nightmares.

28. Microsoft has been on notice of the '353 patent since at least the filing of this action.

29. Since Microsoft was on notice of the '353 patent, Microsoft knowingly induced infringement of the '353 patent, including at least claim 1 of the '353 patent, and possessed specific intent to encourage others' infringement.

30. Since Microsoft was on notice of the '353 patent, Microsoft knew or should have known that its actions alleged herein would induce actual infringement of the '353 patent, including at least claim 1 of the '353 patent.

31. Microsoft has not produced or relied upon an opinion of counsel related to the '353 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Virtual Solutions will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

32. Microsoft provides support to consumers who use Xbox with Kinect and Kinect games.

33. Microsoft has not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '353 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Virtual Solutions will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

34. Microsoft instructs its customers to use the Xbox with Kinect and Xbox Kinect games in a manner that is accused herein to infringe.

## ADDITIONAL ALLEGATIONS

35. Virtual Solutions has been damaged as a result of Microsoft's infringing conduct described herein. Microsoft is, thus, liable to Virtual Solutions in an amount that adequately compensates Virtual Solutions for Microsoft's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

36. Microsoft's actions complained of herein will continue unless Microsoft is enjoined by this Court.

37. Microsoft has been aware (i.e., had notice of) the '353 patent since at least the filing of this action. On information and belief, Microsoft's infringement of the '353 patent has been willful because Microsoft, with knowledge of the '353 patent, has continued to act despite an objectively high likelihood that its actions constitute infringement of the '353 patent and subject knowledge or obviousness of such risk.

38. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

39. Virtual Solutions has complied with 35 U.S.C. § 287.

40. Microsoft's actions complained of herein are causing irreparable harm and monetary damage to Virtual Solutions and will continue to do so unless and until Microsoft is enjoined and restrained by this Court.

WHEREFORE, the plaintiff, Virtual Solutions LLC, demands judgment against the defendant, Microsoft Corporation, and respectfully asks the Court to:

(a) Enter judgment for Virtual Solutions on this Complaint;

(b) Enjoin Microsoft, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Microsoft who receive notice of the order from further infringement of United States Patent No. 6,507,353;

(c) Award Virtual Solutions damages resulting from Microsoft's infringement in accordance with 35 U.S.C. § 284;

(d) Award Virtual Solutions an ongoing royalty rate for Microsoft's post-judgment infringement;

(e) Find Microsoft's infringement to be willful;

(f) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(g) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(h) Award Virtual Solutions reasonable attorney fees under 35 U.S.C. § 285;

(i) Award Virtual Solutions interest and costs; and

(j) Award Virtual Solutions such further relief to which the Court finds Virtual solutions entitled under law or equity.

DATED: Nyack, New York
February 2, 2012

                                                 THE SIMON LAW FIRM, P.C.

                                                 By:   /s/ Timothy E. Grochocinski
                                                 Timothy E. Grochocinski (TG3239)
                                                 Attorney for Plaintiff
                                                 Virtual Solutions, LLC
                                                 Office and Post Office Address
                                                 800 Market Street, Suite 1700
                                                 Saint Louis, Missouri 63101
                                                 P. (314)241.2929
                                                 F. (314)241.2029
                                                 teg@simonlawpc.com

                                               MacCARTNEY, MacCARTNEY,
                                               KERRIGAN & MacCARTNEY

                                               By:   /s/ Harold Y. MacCartney, Jr.
                                               Harold Y. MacCartney, Jr. (HM9949)
                                             Local Counsel for the Plaintiff
                                             Virtual Solutions, LLC
                                             Office and Post Office Address
                                             13 North Broadway, P.O. Box 350
                                             Nyack, New York 10960
                                             P. (845)358-0074
                                             F. (845)358-0793
                                             lmaccartney@mmkmlaw.com

DATED: Nyack, New York
February _2_, 2012

THE SIMON LAW FIRM, P.C.

By: _____
Timothy E. Grochocinski (TG3239)
Attorney for Plaintiff
Virtual Solutions, LLC
Office and Post Office Address
800 Market Street, Suite 1700
Saint Louis, Missouri 63101
P. (314)241.2929
F. (314)241.2029
teg@simonlawpc.com

MacCARTNEY, MacCARTNEY,
KERRIGAN & MacCARTNEY

By: _____
Harold Y. MacCartney, Jr. (HM9949)
Local Counsel for the Plaintiff
Virtual Solutions, LLC
Office and Post Office Address
13 North Broadway, P.O. Box 350
Nyack, New York 10960
P. (845)358-0074
F. (845)358-0793
lmaccartney@mmkmlaw.com