# EXHIBIT 3

# FISH & RICHARDSON P.C.

1425 K Street, N.W.
11th Floor
Washington, DC 20005

Telephone
202 783-5070

Facsimile
202 783-2331

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC



VIA ELECTRONIC MAIL

September 7, 2012

Timothy E. Grochocinski
InnovaLaw, P.C.
1900 Ravinia Place
Orland Park, Illinois 60462
314-853-8146

Re:   *Virtual Solutions, LLC v. Microsoft Corporation*,
Civ. No. 12-1118 (SAS), Southern District of New York

Dear Tim,

Virtual Solutions's proposed constructions, served on September 5, 2012, are wholly insufficient to put Microsoft on notice of Virtual Solutions's claim construction contentions.

For six of the eleven limitations, including a term that Virtual Solutions itself identified as requiring construction ("virtual environment stimulus generator"), Virtual Solutions claims that "[n]o construction [is] required" and "[p]lain and ordinary meaning," without disclosing Virtual Solutions's contention as to what the "plain and ordinary meaning" is for these limitations. As a result, we are unable to determine whether the parties have a genuine dispute about the meaning of these limitations. See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., 521 F.3d 1351, 1361 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").

Furthermore, unless you agree with Microsoft's proposed construction for these six limitations, the parties do, in fact, dispute what the "plain and ordinary meaning" of these limitations is. If it does not agree with Microsoft's constructions, Virtual Solutions must disclose its position as to the "plain and ordinary meaning" of those limitations so that the parties can conduct a meaningful meet and confer and join any disputed issues for the court. We are already prejudiced by your failure to set forth your understanding of the "plain and ordinary meaning" of these six limitations by the deadline for mutually exchanging proposed constructions.

Please provide your agreement to Microsoft's proposed constructions or your contention as to what the "plain and ordinary meaning" of the following limitations is by Tuesday, September 11, 2012.

- "virtual environment stimulus generator"
- "interactive theatre"/"theater area"
- "a plurality of sensors detecting and sensing at least one physical characteristic at a plurality of positions within a theatre area"
- "physical characteristic signal"
- "virtual environment stimulus"
- "psychological factor"

If you fail to do so, you will have waived your right to challenge Microsoft's constructions.  See, e.g., Constant Compliance, Inc. v. Emerson Process Mgmt. Power & Water Solutions, Inc., 598 F. Supp. 2d 842, 845 (N.D. Ill. 2009).  We should not have to wait for Virtual Solutions's opening claim construction brief to learn how its interpretation of the "plain and ordinary meaning" of these limitations differs from the constructions that Microsoft timely disclosed.

Once we receive this additional information, I will contact you to schedule a meet and confer so that we may attempt to narrow the disputed issues for the court.

Sincerely,

Cherylyn Esoy Mizzo