# EXHIBIT 4

# FISH & RICHARDSON P.C.

1425 K Street, N.W.
11th Floor
Washington, DC 20005

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
202 783-5070

Facsimile
202 783-2331

Web Site
www.fr.com

Lauren A. Degnan
202 626-6392

Email
degnan@fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

**VIA FACSIMILE**

September 26, 2012

Hon. Shira A. Scheindlin
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Virtual Solutions, LLC v. Microsoft Corp.*, No. 12-CV-1118

Dear Judge Scheindlin:

Pursuant to section IV.A. of this Court's Individual Rules and Procedures, defendant Microsoft Corporation hereby requests a pre-motion conference to seek approval to move for summary judgment that the asserted patent claims are invalid as indefinite. Microsoft proposes October 9, 2012, as a suitable conference date.

Opening claim construction briefs are due on October 10, 2012. As part of the claim construction exercise, Microsoft has concluded that two terms in the asserted patent (U.S. Patent No. 6,507,353 ("the '353 patent")) are indefinite. These terms are "physical characteristic signal" and "virtual environment stimulus generator." Plaintiff Virtual Solutions, LLC has declined to share proposed constructions for these terms, stating: "No construction required. Plain and ordinary meaning."

Because the indefiniteness inquiry is intertwined with claim construction, courts often consider summary judgment of invalidity on this ground alongside claim construction. *E.g., DietGoal Innovations LLC v. Chick-Fil-A, Inc.*, No. 2:12-cv-567, slip op. (E.D. Tex. Sept. 4, 2012), ECF #131 (requiring indefiniteness summary judgment motions concurrent with responsive claim construction briefs); *PACid Grp. LLC v. Apple, Inc.*, No. 6:09-cv-143, slip op. (E.D. Tex. Oct. 7, 2009), ECF #717 (same). Microsoft, therefore, seeks permission to file its summary judgment motion of invalidity due to indefiniteness on the following schedule: Microsoft's motion due on October 10, 2012 (with its opening claim construction brief), Plaintiff's opposition brief due on November 14, 2012 (with its responsive claim construction brief), and Microsoft's reply brief due on November 26, 2012, in accordance with the local rules.

**"Physical characteristic signal" is insolubly ambiguous.**

Two clauses in claim 1 create a logical contradiction making construction impossible.

FISH & RICHARDSON P.C.

Hon. Shira A. Scheindlin
September 26, 2012
Page 2

> ... interpreting said sensor signals to provide at least one **physical characteristic signal including position information**, wherein said physical characteristic signal provides information on visitor activity and location within said theater area . . .
>
> . . . to generate a behavior vector of said at least one virtual actor using **said position information and said at least one physical characteristic signal** . . . .

'353 patent col.16 ll.13–17, 22–24 (emphasis added).

Each clause purports to describe the required relationship between the "physical characteristic signal" and a second element, the "position information." The first clause requires that the position information be included within the physical characteristic signal. The second clause requires precisely the opposite.

The second clause says a third element, the behavior vector, must be generated using said position information "and" said physical characteristic signal. This language requires the position information and the physical characteristic signal to be distinct elements. Any other interpretation would transform part of the claim into surplusage. If one element included the other, then those words describing the included portion would add nothing to the claim. Such an interpretation is to be avoided. *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 781 (Fed. Cir. 2010) ("[W]e construe claims with an eye toward giving effect to all of their terms, even if it renders the claims inoperable or invalid.") (internal citations omitted)).

The claims thus have an inherent contradiction: the physical characteristic signal both includes and is distinct from the position information. The contradiction makes it impossible for a skilled artisan to know the claim's limits, and there is no way to read it against either preexisting or accused technology. Such a claim is indefinite under 35 U.S.C. § 112, ¶ 2, and therefore invalid. *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008).

**"Virtual environment stimulus generator" lacks necessary structure.**

Claim 8 reads:

> 8. A method as claimed in claim 7, further comprising a step of providing a **virtual environment stimulus generator**, wherein said virtual environment stimulus generator analyzes said virtual environment database and generates a virtual environment stimulus.

'353 patent col.16 ll.45–49. "Virtual environment stimulus generator" does not use the "means for" verbiage frequently found in means-plus-function claiming, but still

invokes § 112, ¶ 6 because it describes the element not in terms of how it works (i.e., its structure), but functionally. *E.g., Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d 1344, 1354 (Fed. Cir. 2006) (finding term "'colorant selection mechanism' does not connote sufficient structure to a person of ordinary skill in the art" to avoid § 112, ¶ 6 treatment). Here, the "virtual environment stimulus generator" is merely that which "analyzes said virtual environment database and generates a virtual environment stimulus." Therefore, § 112, ¶ 6 applies.

Functional claiming of this type is improper except under the auspices of § 112, ¶ 6. The essential bargain of § 112, ¶ 6 treatment is that the patentee receives convenience in claiming in exchange for a robust description of the invention in the specification, to which the claims will be limited. *O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576, 1583 (Fed. Cir. 1997). The '353 patent's specification, however, is bereft of any useful description of the "virtual environment stimulus generator." The specification discloses no hardware, software, or algorithm to perform the function, merely describing an outcome with no indication of how the patentee achieved it. In figures the "virtual environment stimulus generator" is depicted twice as a featureless box (see figs. 2 and 3, elements 27 and 52). The only substantive textual discussion reads:

> The Virtual Environment Stimulus Generator 27 reads information from this database [the virtual environment database] 26 in order to calculate the occurrence of random events such as the apparition of new actors, for example. Once the Virtual Environment Stimulus Generator 27 decides that a new actor should be created, a signal is sent to the new actor creation module 29.

*Id.* col.3 ll.61–66; *see also id.* col.6 ll.34–38 (similar, reciting no more structure).

The '353 patent thus describes the element in purely functional terms, and fails to disclose any hardware or software algorithm that performs the claimed function. The patentee bears the burden to teach how the claimed function is performed, and not rely on, for example, the putative ability of a skilled artisan to design and build structure of his or her own. *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1336–37 (Fed. Cir. 2008). Because the patent fails to disclose the necessary structure to support the functional claim term "virtual environment stimulus generator," claims including that term are invalid as indefinite.

Respectfully submitted,

/Lauren A. Degnan

cc: Plaintiff's counsel (via hand delivery and e-mail)