# EXHIBIT 5


Timothy E. Grochocinski
teg@innovalaw.com

October 1, 2012

**VIA FACSIMILE**

Hon. Shira A. Scheindlin
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Virtual Solutions, LLC v. Microsoft Corp.*
Case No. 12-CV-1118

Dear Judge Scheindlin:

In response to Microsoft's September 26, 2012 letter, Virtual Solutions does not oppose Microsoft's request to file summary judgment briefs on the issue of indefiniteness in conjunction with claim construction provided that (1) no motions for summary judgment of indefiniteness will be entertained post October 10, 2012; and (2) Virtual Solutions may present expert testimony and extrinsic evidence to rebut any arguments presented in Microsoft's summary judgment briefing on indefiniteness.

1. **The term "physical characteristic signal" is not insolubly ambiguous.**

Issued patents are presumed valid and therefore evidence of indefiniteness must be clear and convincing. *Med. Instrumentation & Diagnostics Corp. v. Elekta*, 344 F.3d 1205, 1220 (Fed. Cir. 2003). Claims are only held indefinite where a person of ordinary skill in the art could not determine the bounds of the claim, i.e., the claims were insolubly ambiguous. *Haliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008). If the meaning of a claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds. *Id.*

Proof of indefiniteness requires such an exacting standard because claim construction often poses a difficult task over which "expert witnesses, trial courts, and even the judges of the Federal Circuit may disagree. *Id.* To prevail on a claim of indefiniteness, a party must establish by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the


P. 708.675.1974 | F. 708.675.1786     1900 Ravinia Place | Orland Park, IL 60462

relevant art area. *Id.* at 1249-50.

Claim 1 of U.S. Patent No. 6,507,353 states in part:

> ... interpreting said sensor signals to provide at least one **physical characteristic signal including position information**, ...
>
> ... to generate a behavior vector of said at least one virtual actor using **said position information** and **said at least one physical characteristic signal** ....

'353 patent, 16:13-17, 22-24. The term "physical characteristic signal including position information" is not ambiguous, let alone insolubly ambiguous. It is a "physical characteristic signal." The physical characteristic signal includes "position information." One of ordinary skill in the art would understand this based on the intrinsic evidence as well as his/her knowledge of the relevant art area. *See e.g., Haliburton*, 514 F.3d at 1249-50.

Likewise, the term "using said position information and said at least one physical characteristic signal" is not ambiguous. The claimed behavior vector uses the "position information" and it uses the "physical characteristic signal." The fact that the "physical characteristic signal" also includes position information is irrelevant. It is "information" that can be used independently of the "physical characteristic signal," as part of the "physical characteristic signal," or both. One of ordinary skill in the art would understand this.

## 2. The term "virtual environment stimulus generator" is not a means-plus-function limitation governed by 35 U.S.C. § 112 ¶ 6.

A claim term that does not use the catch-word "means" triggers a rebuttable presumption that § 112 ¶ 6 does not apply. *Light World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004). Federal Circuit case law makes it clear that "the presumption flowing from the absence of the term 'means' is a strong one that is not readily overcome." *Id.*

In considering whether a claim term recites sufficient structure to avoid application of § 112 ¶ 6, a claim does not have to denote specific structure. *Id.* at 1359. It is sufficient if the claim term is used in common parlance or by persons of skill in the art to designate structure, even if the term covers a broad class of structures and even if the term identifies the structures by their functions. *Id.* at 1359-60.

Claim 8 of the '353 patent is a method, or process, claim that contains steps. Claiming a step, or even a series of steps, does not implicate § 112 ¶ 6. *O.I. Corp. v. Tekmar Co. Inc.*, 115 F.3d 1576, 1583 (Fed. Cir. 1997). As noted by the Federal Circuit, "[i]f we were to construe every process claim containing steps described by an "ing" verb, such as passing, heating reacting, transferring, etc. into a step-plus-function limitation, we would be limiting process claims in a manner never intended by Congress." *Id.*



Hon. Shira A. Scheindlin
October 1, 2012
Page 3

Defendant's argument was explicitly rejected by the Federal Circuit in *O.I. Corp.* Defendant is arguing that because claim 8 states "provid<u>ing</u> a virtual environment stimulus generator" that is now governed by § 112 ¶ 6. This is incorrect. If Defendant's logic were correct, then numerous clauses in claim 1, and other claims in the '353 patent, would also be governed by § 112 ¶ 6. For example, claim 1 contains the following limitation: "providing a plurality of sensors detecting and sensing." Defendant does not argue that this is governed by § 112 ¶ 6 because it is not.

In addition, the term "virtual environment stimulus generator" does not use the catch-word "means" and therefore the strong presumption that § 112 ¶ 6 does not apply must be overcome. It cannot be surmounted. In *Personalized Media Communications, LLC v. Int'l Trade Com'n*, the Federal Circuit contrasted the term "digital detector," which did not invoke § 112 ¶ 6, with generic structural terms such as "means," "element," or "device." 161 F.3d 696, 704-05 (Fed. Cir. 1998). The Court held that the term "digital detector" did not invoke § 112 ¶ 6 because it was not a general structural term and in so holding the Court acknowledged that the term "detector" was defined in the dictionary and had a well-known meaning to those of skill in the art. *Id.* at 704.[1]

Like the term "detector," the term "generator" is a non-generic structural term. For example, the Oxford Dictionary defines the term as "a routine that constructs other routines or subroutines using given parameters." *See* http://oxforddictionaries.com/definition/american_english/generator. As a result, § 112 ¶ 6 does not apply and Defendant's claim of indefiniteness is rendered moot.[2]

Sincerely,

Timothy E. Grochocinski

cc: *Cherylyn Mizzo (via email)*

---

[1] *See also Greenberg v. Ethicon Endo-Surgery, Inc.*, in which the Federal Circuit held that the term "detent mechanism" did not invoke § 112 ¶ 6, even though it used the generic term "mechanism," because the word "detent" denoted a type of device with a generally understood meaning in the art. 91 F.3d 1580, 1583 (Fed. Cir. 1996).

[2] To the extent the Court finds that §112 ¶ 6 does apply, the claims, as well as the specification identify sufficient structure to meet the requirements of § 112 ¶ 6 and render the claim definite. To satisfy the requirements of §112 ¶ 6, all one needs to do is recite some structure corresponding to the means in the specification so that one can readily ascertain what the claim means. *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1384 (Fed. Cir. 1999). While the specification must contain structure linked to the claimed means, this is not a high bar. *Biomedino, LLC v. Waters Tech. Corp.*, 490 F.3d 946, 950 (Fed. Cir. 2007). The relevant inquiry is whether there is enough of a disclosure in the specification to allow one skilled in the art to understand the disclosure encompassed a structure for the means that performs the claimed functions. *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1385 (Fed. Cir. 2009). To the extent § 112 ¶ 6 is found to apply to the term "virtual environment stimulus generator," the '353 patent discloses sufficient structure to meet the requirements of § 112 ¶ 6. *See e.g.*, '353 patent, 11:50-57, 16:45-49, Figs. 8, 10, 11.

