**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ X

VIRTUAL SOLUTIONS, LLC,

               **Plaintiff,**

       - against -

MICROSOFT CORPORATION,

               **Defendant.**

------------------------------------------------------ X



**MEMORANDUM**
**OPINION AND ORDER**

**12 Civ. 1118 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

       Virtual Solutions, LLC ("Virtual") brought this action against Microsoft Corporation ("Microsoft"), claiming that Microsoft had infringed on claims 1-3, 5, 7, 8-9, and 22 of U.S. Patent No. 6,507,353 ("the '353 Patent"), of which Virtual is the exclusive licensee. On February 15, 2013, I granted Microsoft's motion for summary judgment on the ground that claim 1 of '353 Patent is invalid for indefiniteness.[1] Virtual now moves for reconsideration.[2]

---

[1]    *See Virtual Solutions, LLC v. Microsoft Corp.* (the "SJ Op."), No. 12 Civ. 1118, — F. Supp. 2d —, 2013 WL 593764, at *1 (S.D.N.Y. Feb. 15, 2013). Familiarity with the Summary Judgment Opinion is presumed.

[2]    *See* Plaintiff Virtual Solutions, LLC's Motion for Reconsideration of the Court's February 15, 2013 Memorandum Opinion and Order ("Virtual Mem.").

Virtual raises three grounds in support of its motion for reconsideration: (1) that because "[t]here is no logical contradiction in claim 1 [and] . . . all parties and all experts agree on what is required by claim 1[,] it cannot be indefinite[;]"[3] (2) that the Summary Judgment Opinion improperly held that the contradiction in claim 1 had to be resolved by the specification, when under controlling precedents it could be resolved by a person having ordinary skill in the art;[4] and (3) that the Summary Judgment Opinion "improperly shifted the burden of proof to Virtual[.]"[5]  For the following reasons, Virtual's motion for reconsideration is denied.

## II.     MOTION FOR RECONSIDERATION STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[6]  "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be

---

[3]     *Id*. at 1.

[4]     *See id*.

[5]     *Id*.

[6]     *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

expected to alter the conclusion reached by the court.'"[7]  "Typical grounds for

reconsideration include 'an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest

injustice.'"[8]  Yet, because "the purpose of Local Rule 6.3 is to 'ensure the finality

of decisions and to prevent the practice of a losing party examining a decision and

then plugging the gaps of a lost motion with additional matters,'"[9] the Rule must be

"narrowly construed and strictly applied so as to avoid repetitive arguments on

issues that have been considered fully by the Court."[10]

## III.   DISCUSSION

Virtual's motion for reconsideration fails at the outset, because Virtual

has not demonstrated that the Court committed clear error, or overlooked facts or

---

[7]   *United States v. Blumenberg*, No. 11 Cr. 3300, 2012 WL 6634066, at *2 (2d Cir. Dec. 21, 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (alteration in original)).

[8]   *Gucci Am., Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[9]   *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)).

[10]   *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted).

controlling precedents that would have altered the outcome of the Summary

Judgment Opinion.  Each of the three grounds for reconsideration asserted by

Virtual are discussed in turn below.

     *First*, based on the following passage, Virtual argues that the

Summary Judgment Opinion improperly shifted the burden of proof:

> Microsoft has unearthed an apparent logical contradiction within
> claim 1, and it will have met its burden of proving invalidity by
> clear and convincing evidence unless Virtual resolves this
> contradiction. To do that, Virtual must demonstrate that the
> claim's apparent contradiction is resolved by the specification, as
> read by a skilled artisan.[11]

From this passage, and the balance of the Opinion,[12] it is apparent that the

Summary Judgment Opinion does not shift the burden of proof, but rather weighs

all of the evidence in determining whether Microsoft had met *its* burden of proving

invalidity.  The Federal Circuit has recently emphasized that "use of the terms

'prima facie' and 'rebuttal' in addressing an invalidity challenge does not

constitute reversible error as long as the court 'consider[s] all evidence . . . before

reaching a determination' and does not shift the burden from the patent

---

[11]    SJ Op., 2013 WL 593764, at *9.  *See also* Virtual Mem. at 10.

[12]    *See, e.g.,* SJ Op., 2013 WL 593764, at *13 ("Microsoft has the burden
of demonstrating, by clear and convincing evidence, that claim 1 is invalid.  In
light of the foregoing discussion, I conclude that it has met that burden. . . .  Virtual
has offered no evidence or argument to refute Microsoft's contention that the '353
Patent does not disclose th[e] relationship [between two elements of claim 1][.]").

challenger."[13]  Because the Court considered all of the evidence and did not shift

the burden of proof, Virtual's first ground for reconsideration is without merit.

*Second*, Virtual argues that reconsideration is warranted because the

Summary Judgment Opinion relied on intrinsic evidence to the exclusion of

considering an ordinary skilled artisan's "'knowledge of the relevant art area.'"[14]

Specifically, Virtual argues that the testimony of its expert, Vyacheslav Zavadsky,

Ph.D., created a material issue of fact with respect to whether claim 1 is

indefinite.[15]

Virtual ignores that the Summary Judgment Opinion explicitly

considered, and rejected, the reasons given by Zavadsky for denying Microsoft's

motion for summary judgment.  The Summary Judgment Opinion credited the

testimony of Microsoft's expert, Aaron T. Bobick, Ph.D., that "'one of ordinary

skill in the art would view it as critical to know the relationship between [position

information and the physical characteristic signal in claim 1 of the '353 Patent][,]'"

and ultimately concluded that "because the '353 Patent fails to disclose this

---

[13]     *William Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356,
1365 n.5 (Fed. Cir. 2012) (quoting *In re Cyclobenzaprine Hydrochloride
Extended–Release Capsule Patent Litig.*, 676 F.3d 1063, 1077 (Fed. Cir. 2012)).

[14]     Virtual Mem. at 8 (quoting *Halliburton Energy Serv., Inc. v. M-I LLC*,
514 F.3d 1244, 1250 (Fed. Cir. 2008)).

[15]     *See id*. at 9.

relationship," claim 1 is invalid.[16]  The Summary Judgment Opinion further found

that Zavadsky's declaration does not respond to Bobick's concern because, while it

shows that data may be used twice to generate one output in the *abstract*, it does

not show that the '353 Patent plausibly discloses the relationship between  position

information and a physical characteristic signal.[17]  The Summary Judgment

Opinion also considered and rejected Zavadsky's various explanations for claim

1's ambiguity.[18]  In sum, because the Court explicitly considered Zavadsky's

testimony, Virtual's second ground for reconsideration is likewise without merit.

   *Third*, and finally, Virtual argues that reconsideration is warranted

---

  [16] SJ Op., 2013 WL 593764, at *9 (alterations in original) (quoting 10/5/12 Declaration of Aaron T. Bobick ¶ 13).

  [17] *See id.* ("Zavadsky's observation that there *might* be a reason for position information to be both included within and separately added to the physical characteristic signal to generate a behavior vector misses the mark.") (emphasis in original).  *See also id.* at *13 ("[Zavadsky] has identified a plethora of reasons why, in a hypothetical patent, it might make sense to use position information in different ways.  The '353 Patent, though, does not disclose why position information must be used twice to generate a behavior vector.").  *Cf.* 11/16/12 Declaration of Vyacheslav ("Slava") Zavadsky, Ph.D. ("Zavadsky Decl.") ¶ 18 ("Dr. Bobick's conclusion appears to be premised on the belief that the 'position information,' or data, can only be a part of a single data structure in the claimed invention, and that using the same data in multiple data structures is not allowed.").

  [18] *Compare* Zavadsky Decl. ¶¶ 19-27 (arguing that claim 1 is not indefinite in light of the specification of the '353 Patent, as read by Zavadsky), *with* SJ Op., 2013 WL 593764, at *9-13 (considering and rejecting Zavadsky's arguments, as well as those advanced by Virtual).

because "[a]ll parties agree that claim 1 requires generating a behavior vector using (1) position information; and (2) a physical characteristic signal including position information[,]" and, on Virtual's view, these requirements are not contradictory.[19] Because this argument is yet another "attempt[] to relitigate an issue that already has been decided[,]"[20] it does not support reconsideration.

Prior to the Summary Judgment Opinion, one of the main points of contention between the parties was whether the intrinsic evidence, as read by a skilled artisan, disclosed the relationship between position information and a physical characteristic signal including — or comprised solely of — position information. Virtual, having lost that motion, now re-asserts various arguments that were considered and rejected in the Summary Judgment Opinion.[21]

---

[19]     Virtual Mem. at 8.

[20]     *Lesch v. United States*, 372 Fed. App'x 182, 183 (2d Cir. 2010) (affirming district court's denial of motion for reconsideration) (citing *Shrader*, 70 F.3d at 257).

[21]     *Compare, e.g.*, Virtual Mem. at 5 (arguing that Figure four of the '353 Patent and its accompanying text supports Virtual's view that the '353 Patent is not indefinite because it discloses, to a skilled artisan, a plausible scenario wherein position information and the physical characteristic signal comprised solely of position information may be used jointly to generate a behavior vector), *with* SJ Op., 2013 WL 593764, at *9-11 (extensively analyzing Figure four and its accompanying text, and concluding that "Figure four does not show, as Virtual had hoped, that position information and the physical characteristic signal (containing, or consisting wholly of, position information) are both used jointly to generate a behavior vector.  And even if it did, it is doubtful that a figure with such a muddled

Virtual also re-asserts an argument that it made during oral argument, namely that the position information that is combined with the physical characteristic signal (that might be comprised solely of position information) is 'raw data,' while the physical characteristic signal is processed.[22]  Notably, this argument was not advanced in Virtual's brief in opposition to Microsoft's motion for summary judgment, nor supported by any expert testimony.  Regardless, it was considered by the Court, and implicitly rejected by the Summary Judgment Opinion's holding that the '353 Patent fails to disclose the relationship between two required elements.[23]  Virtual's untimely attempts to "'plug[] the gaps of [its] [] lost motion with additional matters'" are unavailing.[24]

---

explanation would resolve the ambiguity in claim 1 to a skilled artisan.").

[22]     *See* Virtual Mem. at 5 (citing 1/22/13 Hearing Transcript at 100:21-102:10).

[23]     *See* SJ Op., 2013 WL 593764, at *13 ("Claim 1 simply states that position information and the physical characteristic signal (which might contain only position information) are both to be used to generate a behavior vector; and the balance of the patent does nothing to resolve the paradox.  The public would be ill-served if Virtual were allowed to retain a monopoly on a patent that fails to disclose its scope.  I therefore hold that claim 1 and all of its dependent claims are invalid.").

[24]     *Medisim*, 2012 WL 1450420, at *1 (quoting *Grand Crossing, L.P.* 2008 WL 4525400, at *3).  *See* Virtual Mem. at 7 (unpersuasively citing, *e.g.*, '353 Patent at col. 4:35-44, for the proposition that raw position information and position information processed into the physical characteristic signal "are both necessary inputs which, taken together, are used to generate the behavior vector").

The test for indefiniteness stems from the statutory requirement that a patent's claims "particularly point[ ] out and distinctly claim[ ]" what the inventor regards as her invention.[25]  "Indefiniteness requires a determination whether those skilled in the art would understand what is claimed[.]"[26]  In the context of means-plus-function claiming, "it is well established that proving that a person of ordinary skill *could* devise some method to perform the function is not the proper inquiry as to definiteness — that inquiry goes to enablement."[27]  When functional claiming is not employed, a variant of this principle applies: because courts may not "rewrite claims to preserve their validity[,]" an insolubly ambiguous claim is invalid, regardless of whether one skilled in the art would understand it to mean something other than its literal terms.[28]

---

[25]  35 U.S.C. § 112, paragraph 2.

[26]  *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010).

[27]  *Function Media, L.L.C. v. Google, Inc.*, — F.3d —, No. 2012–1020, 2013 WL 516366, at *5 (Fed. Cir. Feb. 13, 2013) (emphasis in original) (citing *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1385 (Fed. Cir. 2009)).

[28]  *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002) ("Allen argues that one of skill in the art would understand that the term 'perpendicular' in the claim should be read to mean 'parallel.'  Allen stretches the law too far.  It is not our function to rewrite claims to preserve their validity.") (citing *Rhine v. Casio, Inc.*, 183 F.3d 1342, 1345 (Fed. Cir. 1999) (stating that "[I]f the only claim construction that is consistent with the claim's language and the written description renders the claim invalid, then the axiom [that claims should be

Under these principles of law, the Summary Judgment Opinion held that claim 1 of the '353 Patent is invalid for indefiniteness, because it requires that two seeming-identical elements generate one output, without disclosing their relationship to persons having ordinary skill in the art.  In other words, the Summary Judgment Opinion held claim 1 indefinite because a skilled artisan would not "understand what i[t] claimed[.]"[29]  Virtual has pointed to no overlooked authority, argument, fact, or error supporting reconsideration of the Summary Judgment Opinion.  Its motion for reconsideration is therefore denied.

## IV.    CONCLUSION

For the reasons stated above, Virtual's motion for reconsideration is denied.  The Clerk of the Court is directed to close the motion (Docket No. 72).

---

construed to preserve their validity] does not apply and the claim is simply invalid.")).

[29]     *Enzo Biochem, Inc.*, 599 F.3d at 1332.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             March 6, 2013

**- Appearances -**

**For Virtual Solutions, LLC:**

Timothy E. Grochocinski, Esq.
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, IL 60462
(708) 675-1974

Anthony G. Simon, Esq.
Michael P. Kella, Esq.
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
Saint Louis, MO 63101
(314) 241-2929

Harold Y. MacCartney, Jr., Esq.
MacCARTNEY, MacCARTNEY, KERRIGAN & MacCARTNEY
13 North Broadway, P.O. Box 350
Nyack, NY 10960
(845) 358-0074

**For Microsoft Corp.:**

Ruffin B. Cordell, Esq.
Lauren A. Degnan, Esq.
Cherylyn Esoy Mizzo, Esq.
Robert Courtney, Esq.
FISH & RICHARDSON P.C.
1425 K Street N.W., 11th Floor
Washington, DC 20005

Jonathan A. Marshall, Esq.
Leah A. Edelman, Esq.
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022

(212) 765-5070